# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Mitchell J. Sojack
and Rosemary C. O'Grady

v.

City of Fredericksburg

September 16, 1997

Case No. CL96-144

BY JUDGE JOHN W. SCOTT, JR.

This matter came before the Court for trial on September 8, 1997, upon the petition of Mitchell Sojack et al., the taxpayers and owners of a certain parcel of real estate in the City of Fredericksburg, Virginia. Petitioners request the Court to determine the fair market value of the subject property and to correct the erroneous tax assessment of this real estate by the respondent City of Fredericksburg. At the beginning of the evidentiary hearing, the respondent, City of Fredericksburg presented an application from the Commissioner of Revenue to "correct tax assessment." Pursuant to Section 58.1-3984(B), Code of Va. (1950, as amended), the Commissioner of Revenue requested that the tax assessment for the real estate more commonly known as 1904 William Street, Fredericksburg, Virginia, which is the subject of this litigation be reduced from $2,264,600.00 to $1,355,000.00 effective March 14, 1996, that being the date of the deed by which the petitioners acquired the subject property. The respondent City having acknowledged that the current assessment of the subject real estate was erroneous, the Court must now determine the fair market value of the real estate.

The Petitioners contend that the fair market value of the subject real estate as of July 1, 1995, the date of assessment, was $900,000.00. In support of their position, the petitioners presented evidence which revealed that, in

March of 1996, they purchased the property for $1,150,000.00 in an arms length transaction from a third party with whom they had had no prior dealings. At the time of purchase, the subject real estate, which is a commercial shopping center, was approximately thirty percent occupied and by all accounts in need of immediate repair in order to be marketable. Petitioner spent approximately $50,000.00 in cash and a substantial amount of personal labor making improvements to the property before attracting any commercial tenants. It should be noted that a local financial institution, The National Bank of Fredericksburg, refused the petitioner's application for a $1,000,000.00 loan to acquire the subject real estate. The record is not clear as to why this application was denied. However, the President of this bank testified that the petitioner at the time of the application was considered to be a knowledgeable real estate investor and a good customer of the Bank.

The Petitioner also presented evidence showing that, at the time of purchase, the subject property was listed on the multiple listing service (MLS). The real estate agent who was involved in the transaction in which the Petitioners acquired the subject property testified that the MLS listing had only been in existence for less than fourteen days and that the property had not been advertised for sale in any media of general circulation.

The Respondent City contends that the fair market value of the subject property is $1,355,000.00 as of July 1, 1995. This figure was obtained after an analysis of the subject real estate by a M.A.I. certified real estate appraiser who evaluated the subject property using the cost approach, the comparative sales approach, and the income capitalization approach. Given the methodology and the facts that are unique to this particular parcel, the appraiser found that the "income capitalization approach" was the most accurate method of evaluating the fair market value of the subject property. According to the testimony of the City's expert witness, the fair market of the subject property as of July 1, 1995, is $1,355,00.00.

The City's expert acknowledged that his method of evaluation is based on a series of Fredericksburg, Virginia, regional norms in commercial real estate, for example, the percentage of income that is usually spent for maintenance, administration, insurance, and profit margin; average vacancy rates; average amount of capital improvements; and average increases in rent costs were all a part of his calculations. All of these computations are necessary in order to extrapolate back to July 1, 1995, the date of the tax assessment.

It is well established in Virginia law that a clear presumption favors the validity of the assessment and can be rebutted only upon a showing of manifest error or a total disregard of controlling evidence. *Board of Supervisors v. Donatelli & Klein*, 228 Va. 620, 627 (1985). In this case, the

City of Fredericksburg acknowledged that its July 1, 1995, assessment was in error by more than $900,000.00 when it offered its application from the Commissioner of Revenue to reduce the assessment from $2,264,600.00 to $1,355,000.00.

Where the trial court finds such an error to exist, it may properly find a presumption rebutted and fix the fair market value in accordance with the evidence. *Board of Supervisors v. Donatelli & Klein,* 228 Va. 620, 627 (1985).

In determining fair market value, the sales price of a given parcel of real estate is an appropriate factor to consider. If the fair market value is to be determined by sales price, then the transaction must involve a seller who is desirous but not obligated to sell and a buyer who wishes to obtain the property but does not find it necessary to do so. Assuming that the Petitioners acquired this property through an arms length transaction from an entity that was not necessarily obligated to sell, the commercial real estate market placed a value of $1,150,000.00 on this piece of commercial property that was in need of immediate improvement with a thirty percent occupancy rate as of March 1996. There is no evidence before the Court as to the condition of this real estate as of July 1, 1995, the date of the assessment. The expert witness who testified on behalf of the respondent City did not visually inspect this property until 1997 but asserted that he did take into consideration the condition of the property as show through photographs introduced by the Petitioners in conducting his evaluation. The Court also notes that the subject property was sold through foreclosure for the sum of $900,000.00 in January 1996. The Court does not find, however, that this was an arms length transaction and in any way indicative of the fair market value of the property.

Considering all of these factors, the Court finds that the respondent City's assessment value of $1,355,000.00 is the fair market value of this real estate. The Court is not persuaded that the Petitioner's purchase price of $1,150,000.00 is an indication of fair market value through the market place given the following factors: (1) the short period of time the property appeared on the Multiple Listing Service; (2) the fact that this property was not advertised for sale through any other media; (3) the lack of any factual evidence as to the actual condition of the subject property as of July 1, 1995; and (4) the failure of the Petitioner to present any kind of appraisal or evaluation of the subject real estate beyond an offer by a purchaser and an acceptance by a seller.

It is therefore adjudged, ordered, and decreed that the application to correct an erroneous assessment by the Commissioner of Revenue for the City of Fredericksburg, Virginia, is accepted. The fair market value of the real estate, which is the subject of this lawsuit, is therefore established at $1,355,000.00 as of July 1, 1995.